RECEIPT # 66520
AMOUNT $ 250
SUMMONS ISSUED Y - 6
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 8-29-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

ATLAS KITCHENWARE & HARDWARE, INC.,
a Massachusetts corporation, d/b/a,
KARLIN-RICHTON COMPANY,

Case No.
Hon.

Plaintiff,

v.

**05 - 11779 NG**

QUICKIE MANUFACTURING CORPORATION,
a New Jersey corporation,

MAGISTRATE JUDGE Bowle

Defendant.

**THE MANUFACTURER'S
REPRESENTATIVE LAW CENTER, PLLC**
Thomas R. Warnicke (P47148)
Zachary B. Mack (P62742)
Counsel for Plaintiff *Pro Hac Vice*
1701 Cass Lake Road
Keego Harbor, Michigan 48320
(248) 738-5000

**BERLUTI & McLAUGHLIN, LLC**
Robert R. Berluti
Co-Counsel for Plaintiff
44 School Street
Boston, Massachusetts 02108
617-557-3030

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Atlas Kitchenware & Hardware, Inc., d/b/a Karlin-Richton Company, by and through its attorneys, states as and for its Complaint and Demand for Jury Trial as follows:

## Statement of Jurisdiction

1. Plaintiff, Atlas Kitchenware & Hardware, Inc., d/b/a Karlin-Richton Company, is a Massachusetts corporation.

2. At all times pertinent hereto, Plaintiff has done business as a manufacturer's representative agency under the d/b/a Karlin-Richton Company.

3. Plaintiff maintains its principal office in Framingham, Massachusetts.

4. Defendant, Quickie Manufacturing Corporation, is a New Jersey corporation, with its principal place of business located in Cinnaminson, New Jersey.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that the matter in controversy is between citizens/corporations of different states, and the amount in controversy exceeds, exclusive of interest, costs and attorney fees, $75,000.00.

## General Allegations

6. In or about October of 2000, Defendant contacted Plaintiff to solicit Plaintiff to represent Defendant as their exclusive sales representative in a certain territory within New England, including in the state of Massachusetts.

7. On or about January 12, 2001, Plaintiff and Defendant met in person to discuss Plaintiff representing Defendant to food accounts in the New England territory.

8. Pursuant to the parties' initial verbal agreement and understanding, Plaintiff was to act as Defendant's exclusive sales representative to food accounts in the New England territory, subject to certain limitations, in order to maintain and expand current customers and to solicit and procure new customers and accounts for Defendant in the territory.

Manufacturer's Representative Law Center □ 1701 Cass Lake Road □ Keego Harbor, MI 48320 □ (248) 738-5000

9. At the outset of the parties' relationship, they also discussed and agreed on terms with respect to certain accounts, including the Progressive/Hannaford Brothers account.

10. Prior to the start of the parties' relationship, Defendant employed another sales representative company located in New Jersey calling on the Progressive/Hannaford Brothers account.

11. At the start of the parties' relationship, Plaintiff was to receive a 3% commission on the Progressive Hannaford account for a period of 6 months, after which the account would be transitioned to Plaintiff and Plaintiff would receive a 4% commission.

12. Plaintiff understood that the other 1% commission during the first 6 months of the parties' relationship was to be paid to Defendant's other sales representative in New Jersey during this transition period.

13. Plaintiff was to receive a 4% commission on all other business.

14. In February of 2001, Defendant forwarded Plaintiff a proposed written agreement between the parties, dated effective February 10, 2001.

15. Plaintiff made handwritten changes to the proposed written agreement, and signed and forwarded it to Defendant.

16. A fully executed copy of the parties' written agreement is attached hereto as **Exhibit A**.

17. During the parties' relationship, Plaintiff maintained existing business and accounts for Defendant, as well as procured new accounts and business on behalf of Defendant, including but not limited to the Brooks Drug Stores account.

3

18. In June of 2003, Defendant unilaterally terminated the parties' relationship, effective July 1, 2003.

## COUNT I – BREACH OF CONTRACT

19. Plaintiff re-alleges the above paragraphs.

20. Defendant breached its agreement with Plaintiff by failing to pay Plaintiff the full amount of commissions it was entitled to, including but not limited to the Progressive/Hannaford Brothers account.

21. Defendant further breached its agreement with Plaintiff by failing to pay Plaintiff the full amount of commissions due and owing to Plaintiff, including but not limited to the Brooks Drug Stores account.

22. As a result of Defendant's breaches of the parties' agreement, Plaintiff has incurred monetary damages, and will continue to do so in the future.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $75,000.00, or whatever different amount to which Plaintiff is found to be entitled, together with costs, interest and attorney fees so wrongfully incurred. Plaintiff also demands judgment against Defendant declaring that Defendant shall pay Plaintiff its rightful commission on all of Defendant's future sales to customers to which Plaintiff is found to be entitled to receive commissions per the parties' agreement.

## COUNT II – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

23. Plaintiff re-alleges the above paragraphs.

24. The parties' agreement in this matter included an implied covenant of good faith and fair dealing.

4

25. Pursuant to the parties' agreement, work performed and business obtained as a result of Plaintiff's services entitled Plaintiff to receive a commission based upon that work and business obtained.

26. Defendant's termination of Plaintiff caused Plaintiff not to receive the full commissions it was entitled to based upon the work performed and business obtained by Plaintiff on behalf of Defendant.

27. Defendant's termination of Plaintiff was not made in good faith and constituted a breach of the parties' agreement.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $75,000.00, or whatever different amount to which Plaintiff is found to be entitled, together with costs, interest and attorney fees so wrongfully incurred. Plaintiff also demands judgment against Defendant declaring that Defendant shall pay Plaintiff its rightful commission on all of Defendant's future sales to customers to which Plaintiff is found to be entitled to receive commissions per the parties' agreement, and pursuant to the implied covenant of good faith and fair dealing embodied within the parties' agreement.

### COUNT III – VIOLATION OF ALM GL ch. 104, § 7 *et seq.* – MASSACHUSETTS' AGENTS, CONSIGNEES AND FACTORS [SALES REPRESENTATIVES] ACT

28. Plaintiff re-alleges the above paragraphs.

29. Pursuant to ALM GL ch. 104, § 7, "Principal" means "a person who manufacturers, produces, imports or distributes a product for wholesale; contracts to solicit orders for such product, and compensates individuals who solicit wholesale orders in whole or in part, by commission."

5

30. Defendant manufacturers, produces, imports or distributes a product for wholesale; contracts to solicit orders for such product, and compensates individuals who solicit wholesale orders in whole or in part, by commission.

31. Defendant is a principal within the meaning of the Act.

32. Pursuant to ALM GL ch. 104, § 7, "Sales Representative" means "a person, other than an employee, who contracts with a principal to solicit wholesale orders in the commonwealth and who is compensated, in whole or in part, by commission but shall not include one who places orders or purchases exclusively for his own account for resale."

33. Plaintiff contracted with Defendant for the solicitation of wholesale orders in the commonwealth and was to be compensated, in whole or in part, by commission.

34. Plaintiff is a sales representative within the meaning of the Act.

35. Pursuant to ALM GL ch. 104, § 8, "[a]ll commissions that are due at the time of termination of a contract between a sales representative and principal shall be paid within fourteen days after the date of termination." Further, "[c]ommissions that become due after the termination date shall be paid within fourteen days after the date on which the commissions became due."

36. Commissions were due to Plaintiff at the time of termination which have not been paid within fourteen days after termination and/or commissions have become due after termination which have not been paid within fourteen days after the date on which they were due.

37. Pursuant to ALM GL ch. 104, § 9, "[a] principal who willfully or knowingly fails to comply with provisions relating to the prompt payment of commissions set

forth in section eight shall be liable to the sales representative in a civil action for the principal amount of the commissions owed and for an additional sum up to three times the amount of commissions and for reasonable attorney's fees and court costs."

38. Defendant has willfully or knowingly failed to pay Plaintiff commissions owed within the time periods set by ALM GL ch. 104, § 8.

39. As a proximate result of Defendant's violations of the Act, Plaintiff has incurred substantial damages and will continue to suffer such damages in the future.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $75,000.00, or whatever different amount to which Plaintiff is found to be entitled, together with costs, penalties, statutory damages, interest and attorney fees so wrongfully incurred.

### COUNT IV – UNJUST ENRICHMENT

40. Plaintiff re-alleges the above paragraphs.

41. Defendant has received significant financial benefits through its wrongful acts stated herein, and Plaintiff has lost its financial expectations.

42. Defendant has no valid legal or equitable claim to the financial benefits it has derived from its wrongful acts.

43. It would be inequitable for Defendant to retain such benefits.

44. Defendant has been unjustly enriched at Plaintiff's expense.

45. Accordingly, Plaintiff is entitled to an award equal to the amount of Defendant's unjust enrichment so as to divest the inequitable benefits from Defendant and return them to its rightful owner.

7

### COUNT V – QUANTUM MERUIT

46. Plaintiff re-alleges the above paragraphs.

47. Plaintiff hereby claims the reasonable value of its services related to business and transactions resulting from Plaintiff's services on behalf of Defendant for which Plaintiff was not compensated.

Respectfully submitted:

**THE MANUFACTURER'S
REPRESENTATIVE LAW CENTER, PLLC**

By: Thomas R. Warnicke (P47148)
Zachary B. Mack (P62742)
Counsel for Plaintiff *Pro Hac Vice*
1701 Cass Lake Road
Keego Harbor, Michigan 48320
(248) 738-5000

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this matter.

Respectfully submitted:

**THE MANUFACTURER'S
REPRESENTATIVE LAW CENTER, PLLC**

By: /s/ Thomas R. Warnicke (P47148)
Zachary B. Mack (P62742)
Counsel for Plaintiff *Pro Hac Vice*
1701 Cass Lake Road
Keego Harbor, Michigan 48320
(248) 738-5000

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Atlas Kitchenware & Hardware, Inc., d/b/a Karlin-Richton Company

### DEFENDANTS
Quickie Manufacturing Corporation

(b) County of Residence of First Listed Plaintiff: **Middlesex County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **New Jersey**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
SEE ATTACHMENT

Attorneys (If Known)
05-11779 NG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Breach of contract, statute, and common law related to sales representative agreement and commissions owed

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000.00+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 8/25/05
SIGNATURE OF ATTORNEY OF RECORD: _____ (P62742)

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**THE MANUFACTURER'S
REPRESENTATIVE LAW CENTER, PLLC**
Thomas R. Warnicke (P47148)
Zachary B. Mack (P62742)
Counsel for Plaintiff *Pro Hac Vice*
1701 Cass Lake Road
Keego Harbor, Michigan 48320
(248) 738-5000

**BERLUTI & McLAUGHLIN, LLC**
Robert R. Berluti
Co-Counsel for Plaintiff
44 School Street
Boston, Massachusetts 02108
617-557-3030

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Atlas Kitchenware & Hardware, Inc., d/b/a Karlin-Richton Co. v. Quickie Manufacturing Corporation**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.  160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05-11779 NG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Zachary B. Mack
ADDRESS  1701 Cass Lake Road, Keego Harbor, MI 48320
TELEPHONE NO.  (248) 738-5000

(CategoryForm.wpd - 5/2/05)



PLAINTIFF'S
EXHIBIT
A

(856) 829-7900
(800) 257-5751
FAX (856) 786-9318

QUICKIE MANUFACTURING CORPORATION * P.O. BOX 156, CINNAMINSON, NEW JERSEY 07088-2506

February 16, 2001

Mr. Burt Karlin
**Karlin-Richton Company**
200 Butterfield Drive
Suite I-R
Ashland, MA  01721

Dear Burt:

    This will confirm the appointment of Karlin-Richton (the "Representative") as the exclusive sales and service representative of QUICKIE MANUFACTURING CORPORATION ("QUICKIE") products effective February 10, 2001 for the following territory (the "Territory"):

                  **New England – Food Accounts Only**
            Except ▆▆▆▆▆▆▆▆▆▆▆▆ – Foodtown/Circus Foodtown seRviced by
                                                  IMPERIAL DISTRIBUTORS

    Effective on all net sales after March 16, 2001 your commission on all QUICKIE products will be 4.0% on all accounts except Progressive/Hannaford Brothers which will be 3%.

    The Representative shall have no authority to make any commitment or accept any order on behalf of QUICKIE without the prior written consent of QUICKIE.

    It is understood and agreed that neither the Representative nor any Representative Agent (as such term is defined hereinafter) will represent any products which are competitive with QUICKIE's products in the Territory so long as the Representative is acting as the exclusive service representative of QUICKIE in the Territory.

    It is further understood and agreed that either party may terminate this Agreement upon thirty (30) days' prior written notice.

    The Representative, on behalf of itself and its employees, agents, representatives, directors and offices (collectively, the "Representative Agents"), hereby agrees that it shall not, at any time, disclose to anyone, other than in the regular course of the perfrmance of its duties and obligations hereunder, or use in any way, any knowledge or information coming into the possession of the Representative with respect to the terms and provisions of this Agreement, or any other Confidential Information (as such term is defined hereinafter) of QUICKIE.  For purposes of this Agreement, the term "Confidential Information" shall include all information furnished to the Representative or a Representative Agent by Quickie (which shall be deemed to include its directors, officers, employees, agents, and representatives), including without limitation price lists, discount and rebate structures, and the terms and provisions of this Agreement.  The Representative agrees that the Representative Agents will be informed by the Representative of the confidential nature of the Confidential Information and will be directed by the Mr.

Mr. Burt Karlin
February 16, 2001
Page 2

Representative to treat the Confidential Information confidentially. In any event, the Representative shall be responsible for any improper use of the Confidential Information by any Representative Agent. The Representative acknowledges and agrees that QUICKIE will be irreparably damaged in the event that any of the provisions of this paragraph are breached, and that QUICKIE shall be entitled to an injunction or Injunctions to prevent breaches of any of the provisions of this paragraph and to enforce specifically the terms and provisions of this paragraph in any court in the United States, or any state thereof having jurisdiction, in addition to any other remedy to which QUICKIE may be entitled at law or in equity.

The Representative and the Representative Agents shall at all times and for all purposes be deemed to be independent contractors and not employees, subcontractors or agents of QUICKIE. The Representative and the Representative Agents shall not be, or represent themselves to be, officers or employees of QUICKIE and shall not bind, or attempt to bind, QUICKIE to any agreement, liability or obligation of any nature. The Representative agrees that neither the Representative nor any Representative Agent shall be treated as an employee of QUICKIE for any purpose, including without limitation for purposes of federal income tax withholding at source, contributions pursuant to the federal social security act, contributions to workers compensation insurance or any other federal, state or local taxes, benefits or contributions. The Representative shall be solely responsible for determining the tax consquences of all payments made to the Representative or any Representative Agent in connection with this Agreement and to report and pay all applicable taxes, payments, or charges to appropriate authorities.

This Agreement will be governed by and construed in accordance with the laws of the State of New Jersey. The rights and obligations of the Representative provided for hereunder shall not be assignable by the Representative without the prior written consent of QUICKIE.

If you are in agreement with the terms and provisions please sign and return the enclosed copy of this letter agreement to the undersigned by February 28, 2001. Please include your Federal I.D. number for our records.

Sincerely,
QUICKIE MANUFACTURING CORP.

By:   Vince Cella
Executive VP Sales and Marketing

Sincerely,
QUICKIE MANUFACTURING CORP.

By:   David H. Vosbikian
Sr. Vice President of Sales

The undersigned hereby accepts
and agrees to be bound by the
terms and provisions of the
foregoing letter agreement this
23 day of February, 2001

Signature

04-104-8900
Federal tax I.D. number