UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATLAS KITCHENWARE & HARDWARE, <br> d/b/a KARLIN-RICHTON COMPANY <br> <br> Plaintiff, <br> <br> v. <br> <br> QUICKIE MANUFACTURING <br> CORPORATION, <br> <br> Defendant. | Civil Action No. 05-11779 NG |

**DEFENDANT, QUICKIE MANUFACTURING CORPORATION'S
ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Quickie Manufacturing Corporation ("Quickie"), by its attorneys, Morgan, Lewis & Bockius LLP, hereby responds to the numbered allegations in the Complaint of Atlas Kitchenware & Hardware, Inc. ("Plaintiff"), as follows:

**STATEMENT OF JURISDICTION**

1. Quickie admits that Plaintiff is a corporation. It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2. Quickie is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

3. Quickie is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3.

4. Admitted.

5.      The allegations contained in Paragraph 5 are conclusions of law to which no responsive pleading is required. Insofar as a responsive pleading may be required, Quickie denies the allegations contained in paragraph 5.

### GENERAL ALLEGATIONS

6.      Quickie admits having contact with Plaintiff in late 2000 regarding Plaintiff becoming a sales representative of Quickie's products. Quickie denies the remaining allegations contained in Paragraph 6.

7.      Admitted.

8.      Quickie admits that the parties' initial oral agreement was as reflected in the parties' agreement, signed by plaintiff on or about February 23, 2001 and attached to Plaintiff's Complaint as Exhibit A. To the extent the allegations contained in Paragraph 8 differ from that which is contained in this Exhibit, Quickie denies the allegations contained in Paragraph 8.

9.      Quickie admits that the parties discussed and agreed upon terms with respect to certain accounts as reflected in the parties' agreement, signed by Plaintiff on or about February 23, 2001 and attached to Plaintiff's Complaint as Exhibit A. To the extent the allegations contained in Paragraph 9 differ from that which is contained in this Exhibit, Quickie denies the allegations contained in Paragraph 9.

10.     Quickie admits that prior to the start of its relationship with Plaintiff, it employed another sales representative calling on the Progressive/Hannaford Brother account. Quickie denies the remaining allegations contained in Paragraph 10.

11.     To the extent the allegations contained in Paragraph 11 differ from that which is contained in the parties' agreement, signed by Plaintiff on or about February 23, 2001 and

attached to Plaintiff's Complaint as Exhibit A, Quickie denies the allegations contained in Paragraph 11.

12. Quickie is without knowledge or information sufficient to form a belief as to what plaintiff understood and, therefore, denies the allegations contained in Paragraph 12.

13. The allegations of Paragraph 13 purport to characterize a written agreement that speaks for itself and, therefore, no responsive pleading is required. Insofar as a responsive pleading is required, Quickie admits that Plaintiff was entitled to 4% of commissions on business as set forth in its agreement with Plaintiff.

14. Quickie admits that it forwarded Plaintiff a proposed written agreement between the parties, dated February 16, 2001.

15. Admitted.

16. Admitted.

17. Quickie admits that Plaintiff maintained existing accounts for Quickie during the period the parties' contractual relationship was in effect. Quickie is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17.

18. Quickie admits that, in June 2003, it terminated its contract with Plaintiff in accordance with its contractual right to do so.

## COUNT I
**Breach of Contract**

19. Quickie repeats and realleges its responses to the allegations contained in the above paragraphs as if said responses were fully set forth herein.

20. Denied.

21. Denied.

22. Denied.

## COUNT II
**Breach of Implied Covenant of Good Faith and Fair Dealing**

23. Quickie repeats and realleges its responses to the allegations contained in the above paragraphs as if said responses were fully set forth herein.

24. The allegations of Paragraph 24 constitute a conclusion of law to which no responsive pleading is required.

25. The allegations of Paragraph 25 purport to characterize a writing that speaks for itself and, therefore, no responsive pleading is required.

26. Denied.

27. Quickie denies the allegations contained in Paragraph 27.

## COUNT III
**Violation of M.G.L. c. 104, § 7, *et seq*.**
**Massachusetts' Agents, Consignees and Factors [Sales Representatives] Act**

28. Quickie repeats and realleges its responses to the allegations contained in the above paragraphs as if said responses were fully set forth herein.

29. The allegations of Paragraph 29 constitute conclusions of law to which no responsive pleading is required.

30. Admitted.

31. The allegations of Paragraph 31 constitute conclusions of law to which no responsive pleading is required.

32. The allegations of Paragraph 32 constitute conclusions of law to which no responsive pleading is required.

33. Quickie admits that it contracted with Plaintiff in accordance with the terms of a written agreement with Plaintiff in a territory that included the Commonwealth of Massachusetts.

34. The allegations of Paragraph 34 constitute conclusions of law to which no responsive pleading is required.

35. The allegations of Paragraph 35 constitute conclusions of law to which no responsive pleading is required..

36. Denied.

37. The allegations of Paragraph 37 constitute conclusions of law to which no responsive pleading is required.

38. Denied.

39. Denied.

## COUNT IV
## Unjust Enrichment

40. Quickie repeats and realleges its responses to the allegations contained in the above paragraphs as if said responses were fully set forth herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## Count V
## Quantum Meruit

46. Quickie repeats and realleges its responses to the allegations contained in the above paragraphs as if said responses were fully set forth herein.

47.     Quickie admits that Plaintiff seeks the relief set forth in Paragraph 47, but denies that Plaintiff has any such entitlement.

## SEPARATE DEFENSES

1.      Plaintiff's Complaint is barred, in whole or in part, pursuant to the doctrine of waiver.

2.      Quickie complied with all of its obligations pursuant to its contracts with Plaintiff.

3.      To the extent Plaintiff has failed to take reasonable steps to mitigate its damages, its claims are barred or its remedies diminished.

4.      At least one Count of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

5.      Plaintiff's claims are limited and/or barred by the statute of frauds and/or the parol evidence rule.

**JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

        Respectfully submitted,

        QUICKIE MANUFACTURING CORPORATION
        By Its Attorneys,


        */s/ Jeffrey W. Moss*
        Jeffrey W. Moss, BBO# 552421
        Morgan, Lewis & Bockius LLP
        225 Franklin Street, Suite 1705
        Boston, Massachusetts  02110
        Tel:   617.451.9700
        Fax:   617.451.9710
        Email: jmoss@morganlewis.com

        Richard G. Rosenblatt
        Scott E. Ross
        Morgan, Lewis & Bockius LLP
        502 Carnegie Center
        Princeton, New Jersey  08540-6241
        Tel:   609.919.6682/6673
        Fax:   609.609.919.6701
        Email: rrosenblatt@morganlewis.com

Dated:  October 17, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing ***Defendant, Quickie Manufacturing Corporation's Answer and Separate Defenses*** has been forwarded *via* U.S. mail and *facsimile* to the following counsel of record on October 17, 2005.

>Zachary B. Mack, Esq.
>The Manufacturer's Representative Law Center
>1701 Cass Lake Road
>Keego Harbor, Michigan 48320-1047

>*/s/ Jeffrey W. Moss*
>Jeffrey W. Moss

1-BO/101055.1