UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

ATLAS KITCHENWARE & HARDWARE, INC.,
a Massachusetts corporation, d/b/a,                         Case No. 05-11779-NG
KARLIN-RICHTON COMPANY,                                     Hon. Nancy Gertner

      Plaintiff,

v.


QUICKIE MANUFACTURING CORPORATION,
a New Jersey corporation,

      Defendant.
_____/

| | |
|---|---|
| **THE MANUFACTURER'S REPRESENTATIVE LAW CENTER, PLLC** | **MORGAN, LEWIS & BOCKIUS, LLP** |
| Thomas R. Warnicke (P47148) | Jeffrey W. Moss, BBO# 552421 |
| Zachary B. Mack (P62742) | Counsel for Defendant |
| Counsel for Plaintiff *Pro Hac Vice* | 225 Franklin Street, Suite 1705 |
| 1701 Cass Lake Road | Boston, Massachusetts 02110 |
| Keego Harbor, Michigan 48320 | (617) 451-9700 |
| (248) 738-5000 | |
| | |
| **BERLUTI & McLAUGHLIN, LLC** | **MORGAN, LEWIS & BOCKIUS, LLP** |
| Robert R. Berluti (BBO# 039960) | Richard G. Rosenblatt |
| Co-Counsel for Plaintiff | Scott E. Ross |
| 44 School Street | Counsel for Defendant |
| Boston, Massachusetts 02108 | 502 Carnegie Center |
| (617) 557-3030 | Princeton, New Jersey 08540 |
| | (609) 919-6609/6682 |

_____/

**<u>JOINT REPORT OF THE PARTIES'
SUBMITTED PURSUANT TO RULE 26(f)</u>**

**TO:**    Judge Nancy Gertner, U.S. District Court Judge
         District of Massachusetts, Boston Division
         John Joseph Moakley Courthouse
         1 Courthouse Way
         Boston, Massachusetts 02210

Pursuant to Federal Rule of Civil Procedure 26(f), the parties in the above-captioned matter submit the following joint report:

A. **Background and Legal Issues**

1. Plaintiff is asserting breach of express and/or implied contract claims, a claim for breach of implied covenant of good faith and fair dealing, a claim for violation of M.G.L. c. 104, § 7, *et seq.*, Massachusetts' Agents, Consignees and Factors [Sales Representatives] Act, a claim for unjust enrichment, in the alternative, and claim for quantum meruit. Plaintiff asserts that Defendant breached the parties' agreement by failing to pay Plaintiff all of Plaintiff's sales commissions that it earned under the parties' sales representative agreement, and by failing to pay commissions due to Plaintiff following the end of their professional relationship.

2. Defendant denies Plaintiff's claims. Defendant asserts that it exercised its contractual right to terminate Plaintiff's representation agreement for legitimate business reasons. Defendant further asserts that, at all times, it acted in good faith and was not unjustly enriched in any way.

B. **Pleadings**

1. A Complaint and Answer have been filed.

C. **Admissions of Fact and Stipulations**

1. At this time, there are no stipulations or admissions of fact.

D. **Depositions**

1. The parties anticipate taking less than 10 depositions each. No deposition is anticipated to take more than seven hours.

E. **Discovery**

1. The parties do not intend to serve interrogatories in excess of twenty-five separate interrogatories.

2. Plaintiff anticipates the need to take discovery concerning the parties' representation agreement. Plaintiff further anticipates the need to take discovery concerning Defendant's sales and account procedures. Plaintiff further anticipates the need to take discovery concerning Defendant's past, present, and future sales of its products in the territory, and relationships to customers therein, in which Plaintiff represented Defendant. Plaintiff further

Manufacturer's Representative Law Center   1701 Cass Lake Road   Keego Harbor, MI 48320   (248) 738-5000

anticipates the need to take discovery concerning the relationship between Defendant and entities who assumed Plaintiff's former responsibilities and accounts.

3. Defendant anticipates the need to take discovery regarding the parties' agreement, Plaintiff's expectations of that agreement, Plaintiff's performance under that agreement, and mitigation efforts.

4. Defendant will be requesting a stipulation of confidentiality and the parties will be stipulating to entry of a protective order by the court to address the production of documents that include sensitive and proprietary information regarding pricing, commission schedules, and other information that is not public, and which is information that could provide its competitors with an unfair advantage if known to them.

## F. Expert Testimony

1. Neither party has retained an expert as of yet, although both parties may call an expert to testify about economic loss and issues of damages.

## G. Discovery Disputes

1. There are no outstanding discovery disputes at this time. The parties do not anticipate any discovery disputes.

2. The parties agree that any motions pertaining to discovery shall be filed no later than **April 15, 2006**.

## H. Management Plan

1. The parties anticipate that all pre-discovery disclosures required by Rule 26(a)(1)(A) regarding witnesses will be completed by **December 8, 2005**.

2. The parties anticipate that all pre-discovery disclosures required by Rule 26(a)(1)(B) regarding the production of documents will be completed by **December 8, 2005**.

3. Due to the nature of the damages in this matter, and that a computation of any category of damages claimed by Plaintiff would necessarily need to be based upon information that will need to be revealed during discovery, the parties cannot comply with Rule 26(a)(1)(C) until sufficient discovery has been completed.

4. The parties anticipate that all pre-discovery disclosures required by Rule 26(a)(1)(D) regarding any insurance agreements will be completed by **December 8, 2005**.

Manufacturer's Representative Law Center   1701 Cass Lake Road   Keego Harbor, MI 48320   (248) 738-5000

    5.    The parties will comply with Fed. R. Civ. P. 33(a).

    6.    The parties anticipate that all discovery (including expert discovery) shall be completed on or before **March 31, 2006**.

    7.    The parties would like to address with the court the deadline for filing witness lists.

**I.**    **<u>Dispositive Motions and Trial</u>**

    1.    Dispositive Motions shall be filed by **May 6, 2006**.

    2.    This case will be ready to commence trial by **July 31, 2006**, unless a dispositive motion is pending, in which case the trial date will be set after the motion is resolved.

    3.    A final pretrial, if necessary, shall be scheduled after resolution of any dispositive motions, including any motion for summary judgment.

    4.    Estimated trial time including jury selection and instructions: 3-5 days.

    5.    Counsel and an authorized representative from each party have conferred to discuss and establish an estimated budget for the costs of conducting the full course, and various alternative courses, of the litigation, and have considered the use of ADR programs such as those outlined in Local Rule 16.4.

Manufacturer's Representative Law Center   1701 Cass Lake Road   Keego Harbor, MI 48320   (248) 738-5000

Respectfully submitted:

**THE MANUFACTURER'S
REPRESENTATIVE LAW CENTER, PLLC**

_____
Thomas R. Warnicke (P47148)
Zachary B. Mack (P62742)
Attorneys for Plaintiff
1701 Cass Lake Road
Keego Harbor, MI 48320
twarnicke.wwpllc@comcast.net
zmack.wwpllc@comcast.net
(248) 738-5000

_____
On Behalf of Karlin-Richton Company

**MORGAN, LEWIS & BOCKIUS, LLC**

_____
Richard G. Rosenblatt
Scott E. Ross
Attorneys for Defendant
502 Carnegie Center
Princeton, NJ 08540
rrosenblatt@morganlewis.com
(609) 919-6682/6673

_____
On Behalf of Quickie Manufacturing Corp.

5

Respectfully submitted:

THE MANUFACTURER'S
REPRESENTATIVE LAW CENTER, PLLC

_____
Thomas R. Warnicke (P47148)
Zachary B. Mack (P62742)
Attorneys for Plaintiff
1701 Cass Lake Road
Keego Harbor, MI 48320
twarnicke.wwpllc@comcast.net
zmack.wwpllc@comcast.net
(248) 738-5000

_____
On Behalf of Karlin-Richton Company


MORGAN, LEWIS & BOCKIUS, LLC

_____
Richard G. Rosenblatt
Scott E. Ross
Attorneys for Defendant
502 Carnegie Center
Princeton, NJ 08540
rrosenblatt@morganlewis.com
(609) 919-6682/6673

_____
On Behalf of Quickie Manufacturing Corp.

5