UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ATLAS KITCHENWARE & HARDWARE, )
d/b/a KARLIN-RICHTON COMPANY )

      Plaintiff,

v.                                  Civil Action No. 05-11779 NG

QUICKIE MANUFACTURING
CORPORATION,

      Defendant.

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**WHEREAS,** Plaintiff Atlas Kitchenware & Hardware, Inc., d/b/a Karlin-Richton Company ("Plaintiff") has instituted an action in the United States District Court for the District of Massachusetts (the "Court") captioned, *Atlas Kitchenware & Hardware, Inc., d/b/a Karlin-Richton Company v. Quickie Manufacturing Corporation*, Civil Action No. 05-11779 NG (the "Action"), against Defendant Quickie Manufacturing Corporation ("Defendant") (collectively, the "Parties");

**WHEREAS,** the Parties and their respective divisions, parents, subsidiaries, affiliates, or related companies, past, present and future officers, directors, shareholders, representatives, employees and agents, and likely non-Party witnesses, possess confidential and proprietary business information ("Confidential Information"), which may be disclosed in responding to discovery requests, or otherwise in this Action, and which must be protected in order to preserve the Parties' legitimate business interests;

**WHEREAS**, for example, Defendant has been asked to produce confidential customer account pricing information and sales representative compensation and commission data, which information Defendant treats as confidential and proprietary;

**WHEREAS**, the Parties have conferred and have expressly agreed to the following terms and conditions concerning certain information of the Parties which the Parties consider to be of a confidential nature; and

**WHEREAS**, in the interest of facilitating the just, speedy and inexpensive determination of the above-captioned matter and in the interest of protecting the legitimate interests of the parties in maintaining the confidentiality of certain information to be disclosed during the discovery process;

**NOW THEREFORE, IT IS HEREBY AGREED** as follows:

"Confidential Material" shall include the documents or other material identified as such in accordance with paragraphs 3-5 below. "Confidential Material" shall be accorded the protections referred to in paragraphs 6-12 of this Order.

"Action" or "this action" shall refer to the above-captioned action and to no other action.

1. Any party may in good faith designate as Confidential Material, and subject to this Confidentiality Agreement and Protective Order, any document or material which is either: (i) produced during discovery proceedings in this action; (ii) included in an order of this Court; or (iii) generated by a party in this action, including but not limited to, answers to interrogatories and responses to any request for the production of documents and which constitutes proprietary or sensitive business, personal or personnel information or any extracts or summaries thereof. Any nonparty that produces documents in this action pursuant to subpoena

or otherwise may likewise designate as Confidential Material, and subject to this Confidentiality Agreement and Order, any such documents.

2. Acceptance by any party of discovery material designated as "Confidential Material" shall not constitute a concession that any such discovery material is appropriately so designated.

3. Documents and other discovery materials may be designated as Confidential Material (i) by affixing a legend to every page of the document at the time of production; (ii) by written statement of counsel for the producing party at the time of, or prior to, production that the document or material is to be treated as Confidential Material; (iii) by agreement in writing between the producing and receiving parties at any time; (iv) by enclosing the document or material in an envelope marked as Confidential Material; (v) with respect to deposition testimony, in accordance with the procedures set forth in paragraph 4 below; or (vi) with respect to motion papers, in accordance with the procedures set forth in paragraph 5 below. Such designation may occur at any time up to and including the fifteenth day after the date on which the documents or other discovery materials were produced. In the interim, all documents and other discovery materials shall be treated as Confidential Material subject to this Confidentiality Agreement and Order until the end of the fifteenth day after the date on which they are produced. If the designation in question is disputed by the receiving party, then the receiving party shall so notify the designating party in writing within ten days of receipt of the designation. The documents or discovery materials in dispute shall automatically be deemed Confidential Material subject to the terms of this Order for three weeks from the date of notification. If the parties are unable to resolve their dispute, then the designating party may, within three weeks, move the Court for an order approving the confidential designation and the

designated material shall be deemed Confidential Material until the issue is resolved by the Court.

4.  Any person giving deposition testimony in this action, or his attorney, may, directly or through counsel, designate his or her testimony or any portion thereof (including exhibits), whether or not previously designated as Confidential Material, as Confidential Material by advising the court reporter and all parties of such fact on the record during the deposition, or in writing at any time up to and including the fifteenth day after the date of receipt of the deposition transcript. Deposition testimony shall automatically be deemed to be Confidential Material subject to the terms of this Order until the end of the fifteenth day after the date of receipt of the deposition transcript. In addition, any party may designate as Confidential Material, in accordance with the provisions of paragraphs 3 or 4 hereof, all or any part of any deposition taken in this action. All copies of deposition transcripts designated as or containing Confidential Material shall be prominently marked "Confidential Material" on the cover thereof. If this designation is disputed by the receiving party, then the receiving party shall so notify the designating party in writing within ten days of receipt of the designation. The deposition testimony in dispute shall automatically be deemed Confidential Material subject to the terms of this Order for three weeks from the date of notification. If the parties are unable to resolve their dispute, then the designating party may, within three weeks, move the Court for an order approving the confidential designation and the designated material shall be deemed Confidential Material until the issue is resolved by the Court.

5.  Motion papers or other Court filings that disclose Confidential Material shall automatically be deemed confidential subject to the terms of the Order and may be filed under seal where Confidential Material is unavoidably used in the body of the motion. If the

4

Confidential Material is contained in exhibits, then the exhibits shall be filed under seal. If the receiving party disputes a confidential designation of motion papers or exhibits, then the receiving party must notify the designating party of that dispute within ten days of receipt of the designation. If the parties are unable to resolve their dispute within three weeks of the receiving party's designation, then the receiving party may, within those three weeks, move the Court for an order approving the confidential designation. In the interim, the designated material shall be deemed Confidential Material until the issue is resolved by the Court.

6. All Confidential Material shall be used only for the purposes of this action and shall not be used for any other purpose except upon consent of the designating party or order of this Court.

7. Confidential Material shall be held in confidence and shall not be discussed or disclosed in any manner, in any form, to any person or entity other than:

(a) the Court in this action;

(b) counsel for any party retained in or working on the prosecution, defense, or settlement of this action including co-counsel and counsel employed directly by any party;

(c) employees of counsel and persons assigned to assist counsel in the prosecution, defense, or settlement of this action;

(d) individual parties, including the Plaintiff, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action; and

(e) witnesses, experts, or consultants, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action <u>and</u> only if the witnesses, experts, or consultants sign the Confidentiality Agreement.

8.  Any disputes between counsel regarding the scope of Confidential Material will be resolved by the Court. Upon the request of any counsel, counsel agree to meet promptly to review and resolve informally issues centering on Confidential Material. If such meeting fails to resolve any disputes, the parties shall promptly seek the Court's assistance, it being understood that it is the designating party's burden to sustain its position that Confidential Material should not be shown or disclosed. Pending the Court's resolution of such issues, such material shall remain designated as Confidential Material.

9.  Prior to the disclosure of any Confidential Material to Plaintiff or Defendant, and to any individual entitled to review such information pursuant to the provisions of the preceding paragraph 7(e), such individual shall be provided with a copy of this Confidentiality Agreement and Protective Order and be instructed to read it. After such person has read the Agreement, he or she shall be required to sign a copy of the attached agreement acknowledging that he or she shall abide by the terms of this Agreement and Order. The parties agree to obtain and retain a signed copy of the attached agreement from nonparty deponents to whom Confidential Material is disclosed.

10. All Confidential Material filed with the Court shall be filed under seal and kept under seal until further order of the Court. Where possible, only the portions of filings (including affidavits and memoranda of law) containing Confidential Material shall be filed under seal.

11. The inadvertent or unintentional disclosure by any party at any time of Confidential Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality,

either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.

12. Nothing contained in this Confidentiality Agreement and Protective Order shall affect or restrict the rights of any party with respect to its own documents.

13. A producing party may notify the other party that documents that should have been designated Confidential Material were inadvertently produced without being so designated. Upon receiving such notice from the producing party, the party receiving such documents shall provide the producing party with a list of all persons who have seen, had access to, or learned the contents of, such documents, except for the persons designated in paragraphs 7(b) and 7(c) of this Confidentiality Agreement and Protective Order.

14. Upon final termination of this action, a party producing Confidential Material may request the return or destruction of all such material and of other documents containing information or data from the Confidential Material, and all copies thereof made by or on behalf of the receiving parties, and the receiving parties shall comply with such request unless otherwise ordered by the Court.

15. The provisions of this Order are without prejudice to any application by any party at any time, on notice, for a modification or dissolution of or relief from this Agreement and Order or any provision hereof.

16. The parties and their attorneys, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of this Order is achieved.

17. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to any confidential documents or information; or to object to the production of documents it considers to be confidential; or to

apply to the Court for an order compelling production of documents; or for modification of this Order.

**STIPULATED, AGREED AND CONSENTED TO THIS**

| 12 DAY OF DECEMBER, 2005 | 12 DAY OF DECEMBER, 2005 |
|---|---|
| **The Manufacturer's Representative Law Center, PLLC** | **Morgan, Lewis & Bockius LLP** |
| S/Zachary B. Mack | S/Scott E. Ross |
| Thomas R. Warnicke, Esq.<br>Zachary B. Mack, Esq.<br>1701 Cass Lake Road<br>Keego Harbor, Michigan 48320<br>Attorneys for Plaintiff Atlas Kitchenware & Hardware, Inc. | Richard G. Rosenblatt, Esq.<br>Scott E. Ross, Esq.<br>502 Carnegie Center<br>Princeton, New Jersey 08540<br>Attorneys for Defendant Quickie Manufacturing Corporation, Inc. |

SO ORDERED: _____

12/23/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATLAS KITCHENWARE & HARDWARE, d/b/a KARLIN-RICHTON COMPANY,  Plaintiff, <br><br> v. <br><br> QUICKIE MANUFACTURING CORPORATION, <br><br> Defendant. | Civil Action No. 05-11779 NG |

I, _____, have been provided with a copy of the annexed Confidentiality Agreement and Protective Order. I have thoroughly reviewed its terms, and I agree to abide by those terms.

Dated: _____

_____